NEFF v. NEFF.

DIVORCE—CUSTODY OF CHILDREN—MODIFICATION—FRIEND OF THE
COURT—RECORD.

 Modification of decree of divorce on father's contested petition to modify, so as to change custody of children from mother to father, made without hearing any testimony, and based upon an oral report by the friend of the court, is reversed and remanded in order that an evidentiary record be made so that it may be determined whether or not such a modification is warranted by change of circumstances.

Appeal from Berrien; Hadsell (Philip A.), J. Submitted October 7, 1959. (Docket No. 19, Calendar No. 48,022.) Decided November 25, 1959.

Bill by Susie E. Neff against George M. Neff resulted in decree of divorce. Order entered, on defendant's petition, amending decree to grant him custody of children. Plaintiff appeals. Reversed and remanded.

 *Stratton, Wise, Early, McDonald & Starbuck,* for plaintiff.

 *Seymour & Seymour* (*Dalton G. Seymour,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTES
17A Am Jur, Divorce and Separation § 837 *et seq.*

Voelker, J.  The chancellor below, without hear-
ing any testimony, and on the basis of an oral report
made to him in open court by the friend of the court,
granted defendant father's contested petition to
modify a decree of divorce (which decree originally
awarded custody of the children . to the plaintiff
mother), thereby changing custody to the father.
The plaintiff mother has appealed.

There is no point in further outlining the factual
background of this case as it appears to be raised by
the current pleadings.  It is enough to say that
there is a dispute.  The action below was taken before
our recent decisions were handed down in *Bowler* v.
*Bowler,* 351 Mich 398, and *Campbell* v. *Evans,* 358
Mich 128.  In view of those cases we find we must
reverse and remand this case for further proceedings,
including a hearing before the chancellor.  Even
assuming arguendo that custody of the children
should be changed to the father, which we do not
pass on, there is no way from the skimpy and almost
nonexistent evidentiary record before us that we can
determine whether there was any change in cir-
cumstances or, if so, whether it was sufficient to
warrant the action taken below.  It is especially
important in cases of this nature, where possible
further and future changes in circumstances may
possibly lead to still further moves toward modifica-
tion, that an evidentiary record be made.  See, also,
the somewhat related case of *Krachun* v. *Krachun,*
355 Mich 167.

The order below modifying the decree as to cus-
tody of the children is reversed and the cause
remanded for further proceedings, with costs to ap-
pellant.

Dethmers, C. J., and Carr, Kelly, Smith, Black,
Edwards, and Kavanagh, JJ., concurred.