STRINGER v VINCENT

Docket No. 95224. Submitted April 15, 1987, at Lansing. Decided July 7, 1987.

Julie A. Stringer, formerly known as Julie A. Vincent, was divorced from Mark T. Vincent in Jackson Circuit Court in December, 1979. Custody of the children of the marriage was awarded to plaintiff. Subsequently plaintiff petitioned the circuit court to permit her to move the domicile of the children to Ohio and to change defendant's visitation provisions. The court granted the change in domicile, but prohibited any future changes in domicile without the court's permission. In June, 1986, while the children were with him for visitation, defendant petitioned for a change of custody. The circuit court, James G. Fleming, J., entered an order granting temporary custody of the children to defendant and indicating that the parties were responsible for scheduling an evidentiary hearing if the court-ordered mediation failed. When mediation failed, the circuit court, without holding an evidentiary hearing, issued an opinion holding that defendant had the burden of proving by clear and convincing evidence that the change in custody was in the best interests of the children and that, based on the pleadings and the report of the friend of the court, defendant had not met that burden. An order to that effect was subsequently entered. Defendant appealed.

The Court of Appeals *held:*

1. It was an error mandating reversal for the circuit court to decide the matter without first holding an evidentiary hearing, since under the circumstances there was no proper evidence upon which the court could make any determination as to the best interests of the children.

2. On remand the parties should be given the opportunity to

REFERENCES

Am Jur 2d, Amicus Curiae, §§ 1 *et seq.*

Am Jur 2d, Infants, §§ 44-48.

Am Jur 2d, Parent and Child, §§ 25-27.

Right of parent to regain custody of child after temporary conditional relinquishment of custody. 35 ALR4th 61.

Child's wishes as factor in awarding custody. 4 ALR3d 1396.

review the report of the friend of the court and to make objections to that report.

3. Given the ages of the children, nine and twelve years respectively, the court should ascertain the preferences of the children and give some weight to those preferences in its determination of the best interest of the children.

4. It was error for the circuit court to impose the clear and convincing evidence burden of proof on defendant without first finding that there was an established custodial environment.

Reversed and remanded.

1. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY — EVIDENTIARY HEARING — REPORT OF THE FRIEND OF THE COURT.

It is error mandating reversal for a circuit court to deny a motion for a change in custody of a child on the basis of the pleadings and report of the friend of the court without holding an evidentiary hearing where the parties have not stipulated to the use of the report of the friend of the court as evidence.

2. PARENT AND CHILD — CHILD CUSTODY — REPORT OF THE FRIEND OF THE COURT.

Parties to a child custody dispute must be given an opportunity to review reports of the friend of the court and make objections to the reports prior to a decision being rendered in a child custody proceeding (MCR 3.206[F][2]).

3. PARENT AND CHILD — CHILD CUSTODY — PREFERENCE OF THE CHILD.

A circuit judge in a child custody dispute involving children who are nine and twelve years of age should interview the children as to their custodial preference, since children of those ages are old enough to have their respective preferences given some weight in a custody dispute (MCL 722.23[i]; MSA 25.312[3][i]).

4. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY — ESTABLISHED CUSTODIAL ENVIRONMENT.

The first step in considering a change in child custody is to determine whether an established custodial environment exists, because it is only then that the court can determine what burden of proof must be applied; absent the existence of an established custodial environment, the trial court is free to modify a custody order simply by determining the child's best interest by a mere preponderance of evidence rather than by the clear and convincing evidence standard that applies where an established custodial environment exists (MCL 722.23, 722.27[c]; MSA 25.312[3], 25.312[7][c]).

*Best, Schmucker, Heyns & Klaeren, P.C.* (by *Roger J. Gleeson*), for plaintiff.

*Potter & Stevens* (by *Janet L. Stevens*), for defendant.

Before: CYNAR, P.J., and SHEPHERD and B. A. JASPER,* JJ.

CYNAR, P.J. Plaintiff and defendant were divorced on December 21, 1979, pursuant to a judgment of divorce entered by Judge James G. Fleming. The divorce judgment awarded custody of the two minor children, ages two and five, to plaintiff. She was restricted from moving the children from this state without prior court approval. Defendant was awarded visitation on alternate weekends, alternate major holidays and three weeks during the summer.

Plaintiff subsequently petitioned to move the children to Ohio. The trial court entered an order modifying the judgment of divorce, allowing the domicile of the children to be transferred from Michigan to Ohio, but requiring that the children not be removed from their new domicile without approval of the court. Defendant's visitation was also changed. Since the move to Ohio, the children have changed residences frequently, moving back to Michigan, then to Illinois and ultimately to Missouri, all without court permission. Plaintiff's new husband's employment necessitated these moves.

On June 20, 1986, while the children were with their father for visitation, he petitioned for a change of custody. The court entered an ex parte order extending visitation. In July, 1986, the court

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

entered an order granting temporary custody of the children to defendant until further order of the court. The court's order indicated that the parties were responsible for scheduling an evidentiary hearing if mediation failed.

The court-ordered mediation between the parties was unsuccessful. On August 13, 1986, the trial court issued an opinion in which it found that custody of the children should remain with plaintiff. The court's opinion indicated that it had "incorporated" the report of the friend of the court into its opinion. The court claimed it had evaluated the factors set forth in the Child Custody Act and held that defendant was required to prove by clear and convincing evidence that such a change was in the best interests of the children. Then, based on "defendant's pleadings and the reports submitted," the trial court found that the defendant had not met his burden.

Plaintiff presented defendant with an order reflecting the trial court's opinion, but defendant refused to approve it. Thereafter, a hearing for entry of the order was scheduled before Judge Alexander C. Perlos, acting in the absence of Judge Fleming. Judge Perlos heard the arguments of counsel but declined to enter the order because of objections raised by defendant.

After a subsequent hearing, Judge Fleming entered the order in accordance with his prior opinion. Defendant now appeals the order.

Defendant first complains that the trial court erred by denying defendant custody of the children without scheduling an evidentiary hearing. We find that the trial court permissibly placed the burden on the parties to schedule the evidentiary hearing, but erred in deciding the issue of custody on the pleadings and the report of the friend of the court when no evidentiary hearing was held.

There was no evidence presented to the court, and, thus, the trial judge should have refused to decide the matter until the parties scheduled an evidentiary hearing or stipulated to use of the report of the friend of the court as evidence.

A change in custody is properly made upon a showing of a change in circumstances if it is in the best interests of the child. MCL 722.27; MSA 25.312(7). The trial court could not have considered the eleven factors set out in the definition of a child's best interests since it had been presented with no evidence. A report by the friend of the court may not be used as evidence absent agreement of the parties, although the court may consider the report to better understand the issues involved. *Nichols v Nichols,* 106 Mich App 584; 308 NW2d 291 (1981), lv den 411 Mich 1045 (1981). Thus, the trial court erred by deciding custody on the basis of the report, absent agreement by the parties for the court to consider the report as evidence.

Furthermore, the Child Custody Act requires that this Court find a palpable abuse of discretion, clear legal error on a major issue, or findings of fact against the great weight of the evidence before reversing a custody order. MCL 722.28; MSA 25.312(8). Review is de novo. *Bednarski v Bednarski,* 141 Mich App 15; 366 NW2d 69 (1985). For us to carry out our function, however, there must be an evidentiary record. *Neff v Neff,* 358 Mich 134; 99 NW2d 344 (1959); *Wealton v Wealton,* 120 Mich App 406, 410; 327 NW2d 493 (1982). We reverse and remand for an evidentiary hearing.

We review the remainder of defendant's objections to provide guidance to the trial court on remand. Defendant contends that he was not given a chance to make objections to the report of the friend of the court. Defendant correctly asserts

that MCR 3.206(F)(2) requires that the parties be given an opportunity to review reports of the friend of the court and to make objections before a decision is entered. Defendant must be given an opportunity on remand to voice objections to the report before the trial court renders an opinion.

, Next, defendant contends that the trial court erred by not interviewing the children to ascertain their preferences. We agree. The children were nine and twelve years old at the time of defendant's petition. One of the eleven factors a trial judge must consider in a custody dispute is the "reasonable preference of the child, if the court deems the child to be of sufficient age to express preference." MCL 722.23(i); MSA 25.312(3)(i). A child of nine or twelve years of age is old enough to have his preference given some weight in a custody dispute. The trial court's failure to interview the children was itself error requiring reversal. *Lewis v Lewis,* 73 Mich App 563; 252 NW2d 237 (1977).

Defendant also alleges that it was error for the trial court to render a decision regarding custody without first deciding whether a custodial environment had been established. Again, we agree. The first step in deciding any child custody dispute is to determine if there exists an established custodial environment. *Curless v Curless,* 137 Mich App 673; 357 NW2d 921 (1984). The Child Custody Act requires that a court refrain from changing custody if it would change the established custodial environment, unless presented with clear and convincing evidence that such change is in the best interest of the child. MCL 722.27(c); MSA 25.312(7)(c), which further provides:

The custodial environment of a child is established if over an appreciable time the child natu-

rally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered.

If the trial court finds that no established custodial environment exists, then it may modify a custody order if the petitioning party can produce enough proof to convince the trial court by a preponderance of the evidence that it should give custody to the petitioner. *Curless, supra,* p 676. Yet, in the instant case, the trial court held that the petitioner had the burden of proving the best interest of the children by clear and convincing evidence without first making findings of fact on the issue. On remand the issue of whether a custodial environment has been established must first be decided.

The last issue we need to address is defendant's alternate request for increased visitation. Although denying a change of custody, the trial court did not address defendant's alternate request for increased visitation. On remand, if after an evidentiary hearing the trial court should again deny defendant's request for custody, the court must consider defendant's request for increased visitation.

Reversed and remanded. We do not retain jurisdiction.