PLUTA v PLUTA

Docket No. 93857. Submitted March 5, 1987, at Lansing. Decided December 8, 1987.

Plaintiff, Diane S. Pluta, and defendant, Stephen Pluta, Jr., were divorced pursuant to a judgment entered in the Saginaw Circuit Court. Permanent custody of the couple's minor child was granted to plaintiff. Plaintiff had custody from the time the parties separated, August, 1980, until March, 1985. In March, 1985, plaintiff and defendant agreed that defendant was to care for the child while plaintiff left the state seeking work and until plaintiff returned to Michigan. In June, 1985, the trial court granted defendant's emergency motion for temporary custody and issued an ex parte order granting defendant temporary custody. Plaintiff's subsequent motion to have the order set aside was denied. Following a hearing on defendant's request for permanent custody, the trial court, Robert S. Gilbert, J., found that the established custodial environment of the child was with defendant and granted defendant permanent custody. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court committed clear legal error in changing the custody of the child.

2. The initial change in custody by virtue of the ex parte order granting defendant's motion for temporary custody was clear legal error. A trial court may not circumvent and frustrate the purpose of the Child Custody Act by issuing an ex parte order changing custody without any notice to the custodial parent or a hearing on the issue whether clear and

REFERENCES

Am Jur 2d, Divorce and Separation §§ 963 *et seq.*; 1003 *et seq.*

Am Jur 2d, Parent and Child §§ 23 *et seq.*; 41 *et seq.*

Constitutional principles applicable to award or modification of custody of child—Supreme Court cases. 80 L Ed 2d 886.

Right of parent to regain custody of child after temporary conditional relinquishment of custody. 35 ALR4th 61.

Service of notice to modify divorce decree or other judgment as to child's custody upon attorney who represented opposing party. 42 ALR2d 1115.

convincing evidence was presented that a change of custody was in the child's best interest.

3. The trial court erred, with respect to the award of permanent custody to defendant, in its determination that the established custodial environment was with defendant. The fact that defendant was given custody by virtue of the invalid ex parte order should not have been a basis for establishing a custodial environment in him. The fact that plaintiff left the child in the temporary physical control of defendant until plaintiff could get back on her feet financially does not destroy the custodial environment and create a new one in defendant.

Vacated and remanded.

1. DIVORCE — CHILD CUSTODY — APPEAL.

The Court of Appeals' review of a trial court's child custody determination is de novo; the Court of Appeals, however, must affirm the trial court's judgment in the absence of an abuse of discretion, clear legal error, or findings of fact which are against the great weight of the evidence (MCL 722.28; MSA 25.312[8]).

2. DIVORCE — CHILD CUSTODY — CUSTODIAL ENVIRONMENT.

Once a custodial environment has been established, a court must find clear and convincing evidence that a change of custody is in the child's best interest before such a change may be ordered (MCL 722.27[1][c]; MSA 25.312[7][1][c]).

3. DIVORCE — CHILD CUSTODY — EX PARTE ORDERS.

It was clear legal error for a trial court to issue an ex parte order changing child custody without any notice to the custodial parent or a hearing on the issue whether clear and convincing evidence was presented that a change of custody was in the child's best interest.

4. DIVORCE — CHILD CUSTODY — TEMPORARY CHILD CUSTODY — CUSTODIAL ENVIRONMENT.

An order for temporary child custody does not, by itself, establish a custodial environment; a trial court must look at the total custodial relationship to determine if a custodial environment has been established.

5. DIVORCE — CHILD CUSTODY — CUSTODIAL ENVIRONMENT.

The fact that, following a divorce, the custodial parent left a child in the temporary physical control of the noncustodial parent until the custodial parent could get back on her feet financially does not destroy the custodial environment and create a new one with the noncustodial parent.

*Anne A. Horvitz,* for plaintiff.

*Irwin F. Hauffe II,* for defendant.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and M. R. STEMPIEN,* JJ.

PER CURIAM. Plaintiff and defendant were divorced by judgment on December 20, 1983. Permanent custody of the couple's minor child, Jeremy, was granted to plaintiff. Subsequently, on June 3, 1985, when defendant had physical custody of the minor child, the circuit court granted his "emergency motion for temporary custody" and issued an ex parte order granting defendant temporary custody. Plaintiff's motion to have the order set aside was denied on June 30, 1985. Following a hearing on defendant's request for permanent custody held in February, 1986, the circuit court granted permanent custody to defendant. Plaintiff appeals as of right. We reverse and remand.

Plaintiff and defendant were married in 1971 and together adopted the minor child in August, 1978, when the child was approximately two months old. The parties separated in August, 1980. From the time of the separation until March, 1985, plaintiff had custody of the minor child and supported herself and the child by working for Consumers Power in Bay City, Saginaw and Traverse City.

Plaintiff was frequently laid off and in 1984 decided to look for work out of state with her future husband. In August, 1984, she petitioned for a change in domicile but subsequently dropped the petition when she was called back to work.

In March, 1985, plaintiff quit her job to move to Colorado with her future husband who had been

* Circuit judge, sitting on the Court of Appeals by assignment.

offered a job there. Plaintiff and defendant agreed that defendant was to care for the minor child until plaintiff returned to Michigan. Plaintiff testified that it was never her intention to relinquish legal custody of the child but she did not want to disobey the court order by removing the child from the state. Both parties testified that the reason for the temporary change in physical custody was so that the child would not be uprooted and have to change schools during the school year.

On June 3, 1985, just after defendant remarried, the trial court entered an ex parte order granting defendant's "emergency motion for temporary custody." Plaintiff claims she had no notice of the ex parte order. At the end of June, 1985, plaintiff's attorney learned of the order and filed answers to the motions for temporary and permanent custody and a motion to set aside the ex parte order which was subsequently denied.

Plaintiff remarried in October, 1985, and moved back to Michigan in November, 1985. In February, 1986, defendant was awarded permanent custody of the minor child.

In awarding permanent custody to defendant, the trial court found that the established custodial environment of the child was with defendant:

> This Court is satisfied that the plaintiff mother established the proper custodial environment for this child until March of 1985 when she voluntarily turned over the care and custody of Jeremy to his father in order to continue her relationship with her future husband. This Court is further satisfied that since March of 1985 the petitioner, Stephen Pluta and his present wife, have established a proper custodial environment for Jeremy.

The court went on to analyze the ten factors for determining whether a change in custody was in

the minor child's best interest. See MCL 722.23; MSA 25.312(3). The court found the parents equal on eight of these ten factors. The court found in favor of defendant on the remaining two factors. The court concluded that it was awarding defendant permanent custody on the basis of the length of time that the minor child had remained with the father, on the basis of the minor child's special problems, and "other unsettling factors."

Although our review of the trial court's custody determination in this case is de novo, *Baker v Baker,* 411 Mich 567, 573; 309 NW2d 532 (1981), we are nevertheless bound to affirm the trial court's judgment in the absence of an abuse of discretion, clear error or findings of fact which are against the great weight of the evidence. MCL 722.28; MSA 25.312(8); *Baker, supra.* We find, on the basis of the record before us, that the trial court committed clear legal error in changing the custody of the minor child.

First, we conclude that the initial change in custody by virtue of the ex parte order granting defendant's motion for temporary custody was erroneous. Under MCL 722.27(1)(c); MSA 25.312(7)(1)(c), once a custodial environment has been established a court must find clear and convincing evidence that a change of custody is in the child's best interest before such a change may be ordered:

> The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of

life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered.

In *Lyons v Lyons,* 125 Mich App 626, 631; 336 NW2d 844 (1983), a panel of this Court stated:

In adopting the Child Custody Act, the Legislature intended to minimize the prospect of unwarranted and disruptive changes of custody and, therefore, erected a barrier against removal of children from an established custodial environment, except in the most compelling cases.

We do not believe that the trial court should be allowed to circumvent and frustrate the purpose of the law by issuing an ex parte order changing custody without any notice to the custodial parent or a hearing on the issue whether clear and convincing evidence was presented that a change of custody was in the child's best interest. Hence it was clear legal error for the trial court to issue the order changing custody. Cf. *Ruppel v Lesner,* 127 Mich App 567; 339 NW2d 49 (1983), rev'd on other grounds 421 Mich 559; 364 NW2d 665 (1984).

With respect to the trial court's award of permanent custody to defendant, we conclude that the trial court erred in its determination that the established custodial environment was with defendant. In *Baker, supra,* the Supreme Court found that an order for temporary custody does not, by itself, establish a custodial environment. The trial court must look at the total custodial relationship. In the instant case, it is clear that from the time of the parties' separation until March, 1985, plaintiff was the sole care giver, custodian and supporter of the minor child. The fact that defendant was given custody by virtue of the invalid ex parte

order should not have been a basis for establishing a custodial environment in him. Further, the fact that plaintiff left the child in the temporary physical control of defendant until plaintiff could get back on her feet financially does not destroy the custodial environment and create a new one in defendant. See, e.g., *Theroux v Doerr,* 137 Mich App 147; 357 NW2d 327 (1984); *Speers v Speers,* 108 Mich App 543, 547; 310 NW2d 455 (1981); *Dowd v Dowd,* 97 Mich App 276, 279; 293 NW2d 797 (1980). Hence we conclude that the trial court's determination that the established custodial environment was with defendant was against the great weight of the evidence. Since the established custodial environment was with plaintiff, the trial court made a clear legal error in changing the custodial environment without a finding based on clear and convincing evidence that a change was in the best interest of the child.

The trial court's custody order is vacated. The case is remanded for reconsideration of custody.[1]

[1] In response to plaintiff's final argument, we note that the burden of proving clear and convincing evidence that a change in custody is in the best interest of the child is on the party moving for the change of custody. See *Arndt v Kasem,* 135 Mich App 252, 256-257; 353 NW2d 497 (1984); *Outcalt v Outcalt,* 40 Mich App 392, 394; 198 NW2d 779 (1972).