MANN v MANN

Docket Nos. 123650, 130009. Submitted February 6, 1991, at Lansing. Decided August 5, 1991, at 9:40 A.M.

Randall L. Mann and Shelly L. Mann were granted a judgment of divorce in the Washtenaw Circuit Court in which Shelly was granted sole physical custody of their two minor children and both were awarded joint legal custody. Randall thereafter moved for, and a Friend of the Court referee recommended, a change in custody. Shelly objected and requested a hearing de novo in the circuit court. Before the hearing, the court, Patrick J. Conlin, J., entered an interim order changing physical custody to Randall solely on the basis of the referee's recommendation. Shelly thereafter was found in contempt for failing to turn the children over to Randall. Following a hearing de novo, the court entered a final order that granted Randall sole legal and physical custody, permitted Shelly only supervised visitation, and adopted the Friend of the Court recommendation regarding child support. Shelly appeals both that final order and the order finding her in contempt of court. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held*:

1. The court erred when it temporarily changed custody solely on the basis of the Friend of the Court recommendation and without conducting a hearing. A court may enter an interim order changing custody only after conducting a hearing, and a Friend of the Court report and recommendation is not admissible evidence at the hearing unless the parties so stipulate. However, reversal of the final order changing custody is not required, because a hearing de novo eventually was held.

2. The defendant's violation of the interim order was properly treated as contempt of court. An order entered by a court with proper jurisdiction must be obeyed, even if the order is incorrect.

3. The court may have violated MCR 3.206(F)(1) by not conducting the hearing de novo within the prescribed time period, but no violation of due process resulted.

4. A trial court is not required to find a change of circumstances before changing custody. The court, in the best inter-

ests of the children, may change custody either for proper cause shown or because of a change of circumstances.

5. The court's finding that the plaintiff proved by a preponderance of the evidence that it was in the best interests of the children to change physical custody was not against the great weight of the evidence, a palpable abuse of discretion, or clear legal error.

6. The court erred in awarding sole legal custody to the plaintiff, who had requested continuation of joint legal custody, without giving the defendant notice and an opportunity to be heard. That part of the court's order must be reversed.

7. The court erred in delegating to the Friend of the Court the child support determination, requring a remand for the trial court's determination of the defendant's child support obligation.

8. The court did not sufficiently consider the issue of supervised visitation. Remand is necessary to permit the court to make findings of fact with regard to the order for supervised visitation.

Affirmed in part, reversed in part, and remanded.

*Joseph H. Dillon,* for the plaintiff.

*Shirley J. Burgoyne* and *Janice C. Tice,* for the defendant.

Before: DANHOF, C.J., and HOLBROOK, JR., and SULLIVAN, JJ.

SULLIVAN, J. In this consolidated appeal, defendant challenges two orders entered by the Washtenaw Circuit Court: (1) a final order changing physical and legal custody of the parties' minor children to the plaintiff (Docket No. 130009), and (2) another order finding defendant in contempt of court for her failure to turn over the parties' children to plaintiff when required by court order (Docket No. 123650). We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Under the April 27, 1988, judgment of divorce, defendant received sole physical custody of the

parties' two minor sons and the parties were awarded joint legal custody. Defendant retained sole physical custody from June 1988 until November 1989, when the circuit court entered an interim order changing the physical custody of the children from defendant to plaintiff solely on the basis of a Friend of the Court referee's recommendation, and pending a hearing de novo. The hearing de novo eventually was held in April and May 1990, following which the court entered a final order granting sole legal and physical custody to plaintiff.

Precipitating the November 1989 "interim" change in custody was plaintiff's motion to change custody. In his motion, plaintiff alleged that defendant had an unrelated male living in the home with her and the children, that she was pregnant without being married, that "illegal activities" were being conducted in defendant's home in the presence of the children, and that the children's school performance had deteriorated since they had been in defendant's custody. Before recommending a change in custody, the Friend of the Court referee considered evidence taken at an evidentiary hearing and a psychological evaluation done on the parties, their mates, and their children.

Defendant objected to the Friend of the Court report and recommendation, MCL 552.507(5); MSA 25.176(7)(5), and requested a hearing de novo in circuit court. At a subsequent hearing, on November 1, 1989, the court explained that defendant, of course, was entitled to a hearing de novo. Moreover, at that time, the court adopted the Friend of the Court recommendation and, accordingly, changed physical custody of the children. However, the court did not refer to it as a change in custody. Instead, the court referred to it as a

"temporary change in possession." The court further explained that it was the court's practice under these circumstances to adopt and implement the recommendation until the hearing de novo could be held.[1]

Finally, in April and May 1990, the court held a hearing de novo with regard to plaintiff's motion for a change of custody. Following the hearing, the court granted plaintiff sole legal and physical custody of the children, granted defendant only supervised visitation, and adopted the Friend of the Court recommendation regarding child support.

Defendant now appeals as of right, raising several issues. We first address defendant's arguments regarding the interim change of custody. Defendant first argues that the trial court committed a clear legal error and deprived her of due process of law by changing custody, even temporarily, because the trial court (1) did not first hold an evidentiary hearing, (2) did not make a finding of a compelling circumstance necessitating the change, and (3) merely adopted the Friend of the Court recommendation. Where a party objects to a Friend of the Court recommendation regarding a change in custody, a court cannot permanently change custody without first holding a hearing de novo. *Crampton v Crampton,* 178 Mich App 362, 363; 443 NW2d 419 (1989). Nor can a court permanently change custody on the basis of a Friend of the Court report unless the parties agree that the court can consider the report as evidence. *Stringer v Vincent,* 161 Mich App 429, 433; 411 NW2d 474 (1987). Therefore, the question is whether the trial court may do by a postjudgment interim order temporarily changing custody that which it cannot

---

[1] Defendant's attorney strongly questioned the court's practice of changing custody without first holding a hearing and making the appropriate findings.

do by a final order changing custody. We hold that it cannot.

In this case, at the hearing during which the court temporarily changed custody of the children pending a hearing de novo, the court acknowledged that it did not "know much about this case." Nevertheless, the court ruled that the Friend of the Court recommendation would stand or become the order until the court could conduct a hearing de novo. The court continued: "There will be a temporary change in possession and custody until I have an opportunity—you see, I can't tell when I'm going to get this hearing done. I only have the ability to do whatever I can. And you go out and get your hearing. Until there's a hearing the recommendations of the Friend of the Court are granted. If it means a temporary change in possession and custody, then so be it." The court thereafter entered an order entitled "Interim Order Modifying Judgment of Divorce In re Custody and Support of Minor Children and De Novo Hearing," which awarded plaintiff primary physical custody of the children.

We conclude that the trial court committed a clear legal error by temporarily changing custody solely on the basis of the Friend of the Court recommendation and without holding a hearing.

Section 7(1) of the Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.*, outlines the actions a court may take in a child custody dispute. Section 7(1)(c) provides that for the best interests of the child, a trial court may

> [m]odify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches 18 years of age, and, subject to section 4a, until the child reaches 19 years and 6 months of age. The court

> shall not modify or amend its previous judgments
> or orders or issue a new order so as to change the
> established custodial environment of a child unless
> there is presented clear and convincing evidence
> that it is in the best interest of the child. [MCL
> 722.27(1)(c); MSA 25.312(7)(1)(c).]

If no custodial environment exists, the trial court
may modify a custody order if the petitioning
party can convince the court by a preponderance
of the evidence that it should grant a custody
change. *Stringer, supra*, p 435.

A trial court's characterization of its change in
physical custody or possession as temporary or
interim, pending a final judgment, does not change
the fact that the court is changing physical cus-
tody of the child. Nor does its characterization of
its order as interim change the fact that it is
modifying a previous divorce judgment. Therefore,
§ 7(1)(c) of the Child Custody Act seems to apply.
However, even if § 7(1)(c) does not apply, § 7(1)(f)
gives a court authority to grant an interim order
changing custody: For the best interests of the
child, the court may "[t]ake any other action con-
sidered to be necessary in a particular child cus-
tody dispute." Under either subsection, though,
where a party objects to a Friend of the Court
recommendation, a court should not be permitted
to temporarily change custody without first hold-
ing a hearing.

In adopting § 7(1)(c), the Legislature intended to
"minimize the prospect of unwarranted and dis-
ruptive change of custody orders and to erect a
barrier against removal of a child from an 'estab-
lished custodial environment,' except in the most
compelling cases." *Baker v Baker,* 411 Mich 567,
576-577; 309 NW2d 532 (1981). Permitting a court
to even temporarily change custody solely on the
basis of a Friend of the Court referee's recommen-

dation and without holding a hearing would circumvent and frustrate one of the purposes of the Child Custody Act—to minimize the prospect of unwarranted and disruptive changes of custody.

Moreover, we conclude that in determining whether a temporary change is appropriate or necessary, a hearing must be conducted. Without considering admissible evidence—live testimony, affidavits, documents, or other admissible evidence —a court cannot properly make the determination or make the findings of fact necessary to support its action under § 7(1) of the Child Custody Act. Unless the parties stipulate, a Friend of the Court report and recommendation are not evidence. *Duperon v Duperon,* 175 Mich App 77, 79; 437 NW2d 318 (1989).

Another panel of this Court considered a similar issue in *Pluta v Pluta,* 165 Mich App 55; 418 NW2d 400 (1987). The plaintiff in *Pluta* was granted permanent physical custody of the parties' minor son in a 1983 judgment of divorce. The plaintiff had custody of their son from the time they separated in 1980 until March 1985, when she left the state. The parties agreed that the defendant was to care for the child until the plaintiff returned to Michigan so that the child would not be uprooted and have to change schools during the school year. While the defendant had custody of the child pursuant to the parties' arrangement, he successfully moved the trial court for an ex parte order granting him temporary custody. The court denied the plaintiff's subsequent motion to set aside the order. The court ultimately granted permanent custody to the defendant.

On appeal, this Court held that it was clear legal error for the trial court to enter an ex parte order temporarily changing the custody of the

child. Relying on § 7(1)(c) of the Child Custody Act, this Court reasoned that the trial court could not change custody without notice to the custodial parent or a hearing with regard to the issue whether clear and convincing evidence was presented that a change of custody was in the child's best interests. *Pluta, supra,* pp 59-60.

We recognize that situations might arise in which an immediate change of custody is necessary or compelled for the best interests of the child pending a hearing with regard to a motion for a permanent change of custody. See *Ruppel v Lesner,* 127 Mich App 567; 339 NW2d 49 (1983), rev'd on other grounds 421 Mich 559; 364 NW2d 665 (1984), and cf. *Pluta, supra.* Such a determination, however, can only be made after the court has considered facts established by admissible evidence —whether by affidavits, live testimony, documents, or otherwise.[2] In this regard, we note that circuit court custody disputes and actions "shall have precedence for hearing and assignment for trial over other civil actions." MCL 722.26; MSA 25.312(6).

Our conclusion that the trial court committed clear legal error does not, however, compel us to reverse the court's final order changing custody, because a hearing de novo was eventually held.

Defendant also argues that the court's finding that she was in contempt for failing to deliver the children to plaintiff should be "purged." Several weeks after the court entered the interim order temporarily changing custody to plaintiff, defendant refused to deliver the children to plaintiff following visitation. The court ordered that defen-

---

[2] The transcript of the hearing during which the trial court granted temporary custody to plaintiff reveals that even plaintiff's attorney was surprised that the court was granting temporary custody at that point.

dant be held in contempt of court and jailed until she delivered the children to plaintiff. The court rejected defendant's request for a stay because its order was only temporary.[3] Defendant was jailed and remained so for several days until she agreed to deliver the children to plaintiff.

Defendant now reasons that because the interim order temporarily changing custody was erroneously entered, she could not be held in contempt for having violated it. We disagree. An order entered by a court with proper jurisdiction must be obeyed even if the order is incorrect. Therefore, violation of an order may be treated as contempt. See *In re Hague,* 412 Mich 532, 544-545; 315 NW2d 524 (1982), and *State Bar of Michigan v Cramer,* 399 Mich 116, 125; 249 NW2d 1 (1976).

Defendant further argues that the trial court's failure to hold the hearing de novo in a timely manner violated the pertinent court rule and deprived her of due process of law. MCR 3.206(F)(1) provides that "[w]hen the custody of a minor child is contested, a hearing on the custody issue must be held within 56 days after the court so directs or after the filing of notice that a custody hearing is requested." This time period may be extended for good cause. MCR 3.206(F)(3).

In this case, the hearing de novo was not held until about six months after defendant requested such a hearing. In response, we note that the Child Custody Act favors the prompt resolution of child custody disputes. See, e.g., § 6. Toward that

---

[3] Defendant initially filed a claim of appeal as of right from the interim order changing custody. By order entered December 12, 1989 (Docket No. 123650), this Court dismissed the appeal for lack of jurisdiction and denied the motion for enforcement of an automatic stay because the order was only temporary or interim. CYNAR, P.J., and MICHAEL J. KELLY and DOCTOROFF, JJ. Defendant's subsequent application for leave to appeal was denied on April 3, 1990 (Docket No. 124402). SHEPHERD, P.J., and CYNAR and CAVANAGH, JJ.

end, child custody disputes take precedence for hearing over other civil actions. However, even if the trial court violated the court rule by not conducting the hearing within the prescribed time period, we decline to reverse the final order changing custody on the basis of the violation. In the absence of a court rule providing a sanction for such a violation, we decline to impose one. See, e.g., *In re Kirkwood,* 187 Mich App 542; 468 NW2d 280 (1991). Nor did the violation, if any, deprive defendant of due process. *Id.*

We now turn to defendant's argument regarding the permanent change in custody. Although our review of this custody case is de novo, *Baker, supra,* p 573, we must affirm the trial court's custody decision unless it "made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28; MSA 25.312(8).

Defendant argues that the trial court committed clear legal error by failing to state before or after the hearing who had the burden of proof and that the petitioning party was required to show a change in circumstances. This argument is without merit. Case law clearly indicates that the party petitioning for a change of custody always has the burden of proof. *Wilson v Gauck,* 167 Mich App 90, 95; 421 NW2d 582 (1988); *Stringer, supra,* pp 434-435. In its written opinion, the trial court correctly stated that because no custodial environment existed, the burden of proof was on plaintiff as the petitioning party.[4] Moreover, absent a request from the parties, nothing requires a trial

---

[4] Within her argument, defendant states, without argument or citation to supporting authority, that "[t]here was an established custodial environment in the defendant-mother." Having reviewed the record, we conclude that the court's preliminary and final finding of no established custodial environment was neither clear legal error nor against the great weight of the evidence.

court to explicitly state, in advance, which party has the burden of proof. Finally, the trial court is not required to find a change of circumstances before changing custody. The Child Custody Act provides that for the best interests of the children, the court may change custody for "proper cause shown or because of change of circumstances." Section 7(1)(c).

Defendant also argues that the trial court's findings of fact with respect to the best interest factors were against the great weight of the evidence. A trial court must consider, evaluate, and determine each of the factors contained in § 3 of the Child Custody Act, MCL 722.23; MSA 25.312(3), in determining the best interests of the children. *Truitt v Truitt,* 172 Mich App 38,47; 431 NW2d 454 (1988).

Defendant's primary challenge to the lower court's findings concerns the court's reliance on the allegedly unsubstantiated and discredited testimony of expert witness Dr. Marcella Thall, a psychologist. Both parties agreed to submit to a custody evaluation conducted by Dr. Thall, which ultimately resulted in the doctor's recommending that plaintiff be awarded custody of the children. The court's findings with respect to the § 3 best interest factors (b), (e), and (k) were based in part on Dr. Thall's opinion that defendant had an addictive personality, gave affection on a self-need basis, and had a desire for "pleasurable experiences" even if they are detrimental.

Defendant contests the weight the court gave to the testimony, not the admissibility of the testimony. However, defendant failed to cite any authority supporting her challenges to the expert's opinion testimony. The statement of a position without citation of authority to support the position is insufficient to bring an issue before this

Court. A party may not leave it to this Court to search for authority to sustain or reject a position. *Consumers Power Co v Public Service Comm,* 181 Mich App 261, 268; 448 NW2d 806 (1989). Moreover, even disregarding the court's reliance on the expert's opinion, the court's findings regarding factors (b), (e), and (k) were not against the great weight of the evidence.

Defendant also appears to challenge the trial court's findings regarding factors (c), (f), and (j). Having carefully reviewed the record, we find that the court's finding with respect to factor (c) was not against the great weight of the evidence.

The court's findings regarding the other two factors, however, do trouble us. The court's finding that factor (f)—the moral fitness of the parties— favors plaintiff seems to have been based on defendant's having had a baby with a teen-aged man to whom she was not married. We question whether, standing alone, this was enough to constitute immorality under the Child Custody Act.

The court's finding regarding factor (j)—the willingness and ability of each of the parents to facilitate and encourage a close and continuing parent- child relationship between the child and the other parent—appears to have been based on defendant's previous failure to deliver the children to plaintiff, resulting in her being held in contempt. However, in light of all the evidence presented, including defendant's reasons for failing to deliver the children, we conclude that this finding was against the great weight of the evidence. At most, however, the evidence showed that the parties were equal with respect to factors (f) and (j).

Even if the trial court made findings against the great weight of the evidence with respect to factors (f) and (j), we decline to reverse the change of custody. In light of the factors that favored plain-

tiff, and the equality of the parties with respect to the remaining factors, we conclude that the trial court's ultimate finding that plaintiff proved by a preponderance of the evidence that it was in the best interests of the children to change physical custody was not against the great weight of the evidence, a palpable abuse of discretion, or a clear legal error.

Defendant raises some issues that have merit and require a remedy. Defendant argues that the trial court committed clear legal error by awarding sole legal custody to plaintiff when he never requested it. We agree. The parties' judgment of divorce provided that they would have joint legal custody of the children. In his motion for a change of physical custody, plaintiff did not request a change of legal custody. In fact, in his supporting brief, plaintiff specifically requested the court to continue joint legal custody. The court nevertheless granted plaintiff sole legal custody, without notice to the parties and without even stating its reasons for doing so.

The court committed a clear legal error. Although the court had the authority to change legal custody, see § 7(1) of the Child Custody Act, we do not believe that it could do so without giving defendant notice and an opportunity to be heard. See, e.g., *Lyons v Lyons*, 125 Mich App 626, 630, n 5; 336 NW2d 844 (1983). The court in effect deprived defendant of the opportunity to be heard. Had defendant had notice that the court was considering awarding sole legal custody to plaintiff, she might have presented further proofs or made different tactical decisions. See, e.g., *Wilson, supra.* That part of the trial court's decision awarding sole legal custody to plaintiff is therefore reversed.

The trial court also committed clear legal error

in delegating to the Friend of the Court the child support determination. The record in this case shows that the court did not make its own independent determination with regard to child support payments, but, instead, relied solely on the Friend of the Court recommendation. See *Hoke v Hoke,* 162 Mich App 201, 206-207; 412 NW2d 694 (1987), and *Cochran v Buffone,* 137 Mich App 761, 766-767; 359 NW2d 557 (1984). This matter is therefore remanded for the trial court to determine defendant's child support obligation.

Defendant also argues that in ordering supervised visitation, the court made findings not supported by the evidence. Our reading of both the trial court's bench and written opinions indicates that the court did not sufficiently consider this issue under §§ 7 and 7a of the Child Custody Act. We therefore direct the court on remand to make the necessary findings of fact in this regard.

Defendant's remaining issues clearly are without merit and do not require discussion.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.