# STATE OF MICHIGAN

# COURT OF APPEALS

BRANDY ELIZABETH FREEMAN,

       Plaintiff-Appellee,

v

DONALD LEE BAUM, JR.,

       Defendant-Appellant.

UNPUBLISHED
April 14, 2015

No. 323941
Montmorency Circuit Court
LC No. 11-002733-DS

Before: OWENS, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right from the trial court's order awarding the parties joint legal custody of the parties' son and giving primary physical custody of the child to plaintiff. We vacate the trial court's order and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The parties lived together in Johannesburg, Michigan beginning in 2006. Their son was born on January 1, 2009. In late 2010 or early 2011, plaintiff took the child and moved in with her mother in Atlanta, Michigan. In March 2011, the county prosecutor filed a complaint for child support. Subsequently, the trial court entered a consent judgment of support, which provided that the parties would share joint legal and physical custody of the child until further order of the court and that the parties would agree to parenting time. In July 2011, the judgment was amended solely to reserve payment of child support and ordinary medical expenses. The parties apparently cooperated regarding parenting time until a dispute arose over where the child would attend kindergarten in the fall of 2014.

On March 14, 2014, defendant filed an ex parte petition for temporary custody, parenting time, and child support in which he alleged that paternity and support were established in July 2011. Plaintiff responded to defendant's petition with her own motion for custody, child support, and parenting time. Both parties alleged that they had been the child's primary caregiver. There was no mention of a custody provision in the consent judgment of support. At a custody hearing held one month later, plaintiff's counsel expressly told the court that no custody order existed and defense counsel agreed. Following the hearing, the trial court found that no established custodial environment existed with either party and that a preponderance of the evidence established that it was in the best interests of the child for the parties to have joint legal custody and for plaintiff to have physical custody of the child.

-1-

## II. ANALYSIS

Defendant argues that the trial court clearly erred by finding that no established custodial environment existed with either party. Because the existence of a custodial environment is a factual inquiry, the great weight of the evidence standard applies. *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). The clear legal error standard applies where the trial court errs in its choice, interpretation, or application of the existing law. *LaFleche v Ybarra*, 242 Mich App 692, 695; 619 NW2d 738 (2000).

The first step in an original child custody decision is to determine whether an established custodial environment exists for a child. *Mogle v Scriver*, 241 Mich App 192, 197; 614 NW2d 696 (2000); *Overall v Overall*, 203 Mich App 450, 455; 512 NW2d 851 (1994). The trial court must provide a factual basis and articulate its reasons for finding whether an established custodial environment exists. *Foskett v Foskett*, 247 Mich App 1, 8; 634 NW2d 363 (2001). The factual findings must relate to whether the child looks to either parent for guidance, discipline, the necessities of life, and comfort. MCL 722.27(1)(c). The court must also consider the child's physical environment, the child's age, and the inclination of parent and child as to the permanency of their relationship. MCL 722.27(1)(c). If there is an established custodial environment, the trial court may not make a change in custody without clear and convincing evidence that the change is in the best interests of the child. MCL 722.27(1)(c); *Bowers v Bowers*, 190 Mich App 51, 54; 475 NW2d 394 (1991). If a custodial environment does not exist, then the custody determination is made upon a showing by a preponderance of the evidence that a particular placement is in the child's best interests. *Mann v Mann*, 190 Mich App 526, 531; 476 NW2d 439 (1991).

In rendering its decision that an established custodial environment did not exist with either party, the trial court simply stated that "there is no established custodial environment as the parties have essentially split their time with the child since their separation in 2011." The court did not further expand on or articulate any other reasoning, nor did it address any relevant factor under MCL 722.27(1)(c). For at least two reasons the trial court's decision was in error. First, the court was required to make specific findings in support of its conclusion, *Foskett*, 247 Mich App at 8, and the statute requires several facts to be considered in deciding whether an established custodial environment exists, MCL 722.27(1)(c). The court made no pertinent findings. Second, and contrary to the court's stated justification, it is well established that an established custodial environment can exist with both parents and in more than one home if the child naturally looks to both the mother and father for guidance, discipline, the necessities of life, and parental comfort. *Berger*, 277 Mich App at 707; *Rittershaus v Rittershaus,* 273 Mich App 462, 471; 730 NW2d 262 (2007). Accordingly, the trial court clearly erred in (1) failing to make any relevant findings and (2) by concluding that the child's split time between the two homes precluded an established custodial environment with either or both parties.

In light of our conclusion that the trial court erred in its conclusion regarding an established custodial environment, we decline to address defendant's argument that the court's findings with regard to several of the best-interest factors, MCL 722.23, were against the great

weight of the evidence.[1]  On remand, the trial court shall (1) receive any relevant, updated evidence, (2) determine whether proper cause or change in circumstances exist such that the prior custody order should be re-evaluated,[2] (3) make explicit findings as to an established custodial environment, and (4) assess anew each of the best interests of the child (including determining whether the child's age and maturity level is sufficient to express a preference) using the appropriate evidentiary standard.  MCL 722.27(1)(c).

Vacated and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.  No costs to either side.  MCR 7.219(A).


/s/ Donald S. Owens
/s/ Kathleen Jansen
/s/ Christopher M. Murray

---

[1] We also decline to address defendant's argument that the trial court erred by failing to render a decision on which school district the child should attend.  Defendant moved to change custody; he readily concedes that he did not file a "motion to declare the child's school district . . . ."  The trial court did not address the issue of school apart from the issue of custody because it was not raised and the trial court determined that the custodial parent's residence determined the school district that the child would attend.  In light of the fact that neither the parties nor the trial court addressed this issue under the standard set forth in *Pierron v Pierron*, 486 Mich 81; 782 NW2d 480 (2010), there is no decision to review apart from the court's custody determination.

[2] Although both parties informed the trial court that there was no prior custody order, there indeed was one previously entered by the court.  Thus, this initial determination must be made before proceeding to whether an established custodial environment exists.  *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003).