*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT PLACHTA,

        Plaintiff-Appellant,

v

ANDREA PLACHTA,

        Defendant-Appellee.

FOR PUBLICATION
January 20, 2026
10:07 AM

No. 374260
Genesee Circuit Court
LC No. 18-325831-DM

Before: RIORDAN, P.J., and MURRAY and MALDONADO, JJ.

MURRAY, J.

Plaintiff appeals by right the order granting defendant sole legal custody of the parties' youngest child, AP, arguing that the trial court erred when it failed to (1) make a finding regarding whether the change in legal custody altered the child's existing custodial environment, and (2) articulate what burden of proof applied to its custody determination. We affirm the trial court's findings under the contested best-interest factors and under MCL 722.26a(1)(b), but remand for articulation of its findings on the burden of proof, and whether it was satisfied.

The parties' judgment of divorce awarded them joint legal and physical custody of AP. After years of contention and multiple trial court hearings, plaintiff moved (not for the first time) for sole legal and physical custody.[1] The trial court held an evidentiary hearing to decide the custody issue, including interviewing the minor child *in camera* to determine his preference. At the close of the hearing, the trial court found good cause to consider a change in custody and that AP had an established custodial environment with both parties. The court then weighed the 12 best-interest factors in MCL 722.23, made findings under MCL 722.26a, and granted defendant sole legal custody of AP and continued the parties' joint physical custody of him. Specifically, it found in part that "the special needs of [the youngest child] and the absolute inability of the parties

---

[1] The parties have been involved in protracted litigation about nearly every aspect of their children's lives since the parties' divorce, leading to more than 30 hearings on topics ranging from education, to parenting time, to medical treatment, to co-sleeping, to participation in baseball. Plaintiff filed at least 5 motions for sole legal and physical custody of both children.

to make joint decisions about his care require that one person has the opportunity to do so. And I believe, at least at this time, that [defendant] needs that opportunity." This appeal followed.

## I. LEGAL CUSTODY/BURDEN OF PROOF

Plaintiff first argues that the trial court legally erred when it failed to articulate whether granting defendant sole legal custody of AP would modify his established custodial environment, and failed to articulate the applicable burden of proof for its decision.[2]

We apply "three standards of review in custody cases." *Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000). "All custody orders must be affirmed on appeal unless the circuit court's findings were against the great weight of the evidence, the circuit court committed a palpable abuse of discretion, or the circuit court made a clear legal error on a major issue." *Lieberman v Orr*, 319 Mich App 68, 76-77; 900 NW2d 130 (2017) (quotation marks and citations omitted). A trial court commits clear legal error on a major issue when it "incorrectly chooses, interprets, or applies the law." *Sabatine v Sabatine*, 513 Mich 276, 284; 15 NW3d 204 (2024) (quotation marks and citation omitted).

Plaintiff agrees that the court properly found that a change of circumstances or proper cause existed to revisit the prior custody decision, *Griffin v Griffin*, 323 Mich App 110, 119; 916 NW2d 292 (2018), and that it properly found an established custodial environment existed with both parents.[3] What plaintiff challenges is the trial court's failure to determine whether the proposed change "would modify the established custodial environment of that child," *Sabatine*, 513 Mich at 286, and depending on the answer to that question, what burden of proof it applied. If the "change would modify the established custodial environment of the child, then the burden is on the parent proposing the change to establish, by clear and convincing evidence, that the change is in the child's best interests." *Id*. (quotation marks and citation omitted). However, to modify a custody order that does not change the established custodial environment, the movant must show by a preponderance of the evidence that the change is in the child's best interests. *Id*.

It is true that the trial court did not articulate whether granting defendant sole legal custody would constitute a change in the child's custodial environment, or which burden of proof it applied to its custody decision. And failing to do so constitutes error. See *Kessler v Kessler*, 295 Mich App 54, 58-59; 811 NW2d 39 (2011). Yet, as described below, the trial court's findings of fact were not clearly erroneous, and its conclusion that joint legal custody was not warranted under MCL 722.26a(1) was overwhelmingly supported by the record. *Kuebler v Kuebler*, 346 Mich App 633, 691-692; 13 NW3d 339 (2023) ("Regarding joint legal custody, whether reviewed under a clear-and-convincing-evidence or the lower preponderance-of-the-evidence standard, the facts

---

[2] To the extent plaintiff argues that the court failed to articulate whether defendant had met whatever burden it applied, more important is the fact that the record shows that the court *concluded* that defendant met her burden of proof, or it would not have granted her sole legal custody.

[3] Defendant did not submit a brief on appeal.

clearly preponderate against the trial court's conclusion that the parties in this case are able to communicate and make joint decisions regarding the children.").

In *Kuebler*, we set out the governing standards when a party seeks joint legal custody:

> Joint custody can refer to joint physical or joint legal custody. See *Dailey v Kloenhamer*, 291 Mich App 660, 670; 811 NW2d 501 (2011). Joint legal custody, under MCL 722.26a, means that "the parents shall share decision-making authority as to the important decisions affecting the welfare of the child." See also *Dailey*, 291 Mich App at 670. "In order for joint custody to work, parents must be able to agree with each other on basic issues in child rearing—including health care, religion, education, day to day decision-making and discipline—and they must be willing to cooperate with each other in joint decision-making." *Bofysil v Bofysil*, 332 Mich App 232, 249; 956 NW2d 544 (2020) (quotation marks and citation omitted). Under MCL 722.26a(1), when joint custody is considered, the trial court shall determine whether joint custody is in the best interests of the children by considering the best-interest factors in MCL 722.23 and "[w]hether the parents will be able to cooperate and generally agree concerning important decisions affecting the welfare of the child." [*Kuebler*, 346 Mich App at 691-692.]

As we explained in *Fisher v Fisher*, 118 Mich App 227, 233; 324 NW2d 582 (1982) (citation omitted):

> If two equally capable parents whose marriage relationship has irreconcilably broken down are unable to cooperate and to agree generally concerning important decisions affecting the welfare of their children, the court has no alternative but to determine which parent shall have sole custody of the children. The establishment of the right to custody in one parent does not constitute a determination of the unfitness of the noncustodial parent but is rather the result of the court's considered evaluation of several diverse factors relevant to the best interests of the children.

This is precisely what the trial court found here. After the hearing, the court made repeated findings as to the parties' continued inability to cooperate on issues affecting both children, ultimately finding that "the special needs of [AP] and the absolute inability of the parties to make joint decisions about his care require that one person has the opportunity to do so," and made its findings under the best-interest factors. MCL 722.23. The court then granted defendant sole legal custody. The trial court's findings mirror what is required to be considered in resolving a request for joint legal custody, see MCL 722.26a(1)(b), and was supported by the overwhelming amount of evidence. The court is presumed to know the law when making its decisions, *In re Costs and Attorney Fees*, 250 Mich App 89, 101; 645 NW2d 697 (2002), and clearly the court was aware that it was changing legal custody from joint to sole, was firmly convinced that the parties had an established history of hostility when dealing with issues involving the child, and that there was no end in sight to this acrimony. Importantly, the court found that the parents' inability to cooperate was a detriment to AP. See *Fisher*, 118 Mich App at 232-233. On this record, we do not see a clearly erroneous finding on this point. MCL 722.28 (child custody orders "shall be affirmed on

appeal unless the trial judge made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue").

Nevertheless, despite there being no clearly erroneous finding of fact, our Court has been steadfast that the failure to articulate the burden of proof being applied is reversible error. *Kessler*, 295 Mich App at 62. See also *Kuebler*, 346 Mich App at 679-680. This is not a situation where the court applied the clear and convincing evidence standard, causing its failure to articulate findings on the established custodial environment to be harmless. See *Kubicki v Sharpe*, 306 Mich App 525, 540-541; 858 NW2d 57 (2014). Typically, plaintiff, as the moving party, has the burden of proof, *Mann v Mann*, 190 Mich App 526, 535; 476 NW2d 439 (1991), and "absent a request from the parties, nothing requires a trial court to explicitly state, in advance, which party has the burden of proof." *Id*. at 535-536. And even though the trial court awarded the non-movant defendant sole legal custody, it still could not modify the established custodial environment without clear and convincing evidence. *Kuebler*, 346 Mich App at 670. On remand, the court should articulate whether the proposed change to sole legal custody changed AP's established custodial environment, and if so, whether it had granted defendant sole legal custody based upon clear and convincing evidence.

Before we move on, a word about *Fisher*, a pre-November 1, 1990 decision. Under the plain terms of MCR 7.215(C)(2), all published decisions of this Court issued prior to November 1, 1990, are binding, precedential decisions under stare decisis. See *People v Darga*, 349 Mich App 1, 19 n 6; 27 NW3d 298 (2023). They are *not* merely persuasive and are not on par with unpublished decisions. In fact, these pre-November 1, 1990 decisions are binding unless the Court is convinced that a decision is no longer correct, and warrants reversal under the relevant stare decisis considerations:

> All of our published decisions have precedential effect under the rule of stare decisis. MCR 7.215(C)(2). However, published decisions issued after November 1, 1990, that are on point with a particular issue must be followed by this Court *without discretion* (though we can express our reasons why we would prefer not to and seek a polling of the Court to hold a conflict panel, see MCR 7.215(J)(1)), whereas older published opinions *should* be followed by this Court unless "important prudential considerations" compel us to do otherwise. *2000 Baum Family Trust v Babel*, 488 Mich 136, 180 n 26; 793 NW2d 633 (2010). [*In re Guardianship of Bazakis*, 342 Mich App 144, 153 n 4; 992 NW2d 673 (2022), vacated in part on other grounds, 513 Mich 1006 (2024)].

See also *Hudson v Dep't of Corrections*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 367902); slip op at 5, and *People v Sims*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket No. 371876); slip op at 5 n 3. Maintaining consistency in the law is one of the primary benefits of stare decisis, as it provides the public with some level of predictability in how the courts have interpreted the law. *Parker v Port Huron Hosp*, 361 Mich 1, 10; 105 NW2d 1 (1960) ("The rule of stare decisis establishes uniformity, certainty and stability in the law, but it was never intended to perpetuate error or to prevent the consideration of rules of law to be applied to the ever-changing business, economic and political life of a community.").

Under these rules, there is no difference in the precedential *effect* of a pre- versus post-1990 decision. Instead, the only difference between a pre- and post-November 1, 1990 decision is that the latter *must* be followed by a subsequent panel unless it is overruled by a conflict panel or the Supreme Court, while the former must be followed unless a subsequent three-judge panel concludes it is distinguishable or warrants reversal. MCR 7.215(C)(1) & (2). This is unlike unpublished opinions, which are not required to be followed under any circumstance.

## II. BEST-INTEREST FINDINGS

Plaintiff also argues that the trial court's findings as to Factors (c), (j), and (l) were against the great weight of the evidence. When determining the best interests of a child in a child custody case, "a trial court must consider all the factors delineated in MCL 722.23(a)-(l) applying the proper burden of proof[.]" *Griffin*, 323 Mich App at 119 (quotation marks and citation omitted). In making its finding, a trial court "need not necessarily engage in elaborate or ornate discussion because brief, definite, and pertinent findings and conclusions regarding the contested matters are sufficient." *Foskett v Foskett*, 247 Mich App 1, 12; 634 NW2d 363 (2001). See also MCR 2.517(A)(2). A trial court's findings regarding the best-interest factors "should be affirmed unless the evidence clearly preponderates in the opposite direction." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008).

## A. FACTOR (C)

In relevant part, factor (c) addresses the parties' capacity and disposition to provide medical care for the children. *Dailey*, 291 Mich App at 666; MCL 722.23(c). The trial court found that factor (c) favored neither party because the parties' disagreements about AP's medical care largely stemmed from their dislike of each other, that defendant's initial noncooperation with plaintiff's suggestions as to AP's treatment posed an issue for AP and his care early in the litigation but had "abated slightly," and that defendant had the capacity and the disposition to care for AP. Plaintiff argues that factor (c) should have weighed in his favor because there was "no evidence" that defendant "was doing anything other than obstructing [AP]'s care for no cognizable reason, and there was no evidence to support that she would not continue to do so."

As the trial court recognized, however, defendant's noncooperation with the treatment plan proposed by plaintiff stemmed from her concerns and differing opinions about AP's medical care, not a lack of capacity or disposition to attend to his medical needs. Contrary to plaintiff's argument, the parties' constant disagreements about AP's health care show that both parties' have the disposition to provide medical care for AP, even if defendant did not agree with plaintiff's preferred course of treatment. And Dr. Flack testified that the parties had reached an agreement about AP's medication by the time of the hearing. The trial court's finding that factor (c) favored neither party was not against the great weight of the evidence.

## B. FACTOR (J)

Factor (j) requires consideration of "the willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents." *In re Gorcyca*, 500 Mich 588, 597 n 4; 902 NW2d 828 (2017) (brackets, quotation marks, and citation omitted). The trial court found that factor (j)

-5-

favored neither party and stated that "if one party has an idea as to the course of treatment for [AP's] special needs, the other party will disagree just because the parties do not trust each other at all and that has been more than apparent." It found that plaintiff "would be more than content if [defendant] were excommunicated from both children's lives." Plaintiff argues that the trial court's finding on factor (j) was based on fairness to defendant rather than the best interests of AP. Further, he argues that factor (j) should have favored plaintiff because defendant was far less interested in taking his point of view, was resistant to taking plaintiff's suggestions, and did not see any value in plaintiff's opinions, while plaintiff was willing to keep defendant in the children's lives.

The record does not support plaintiff's argument. Both parties testified to their willingness to work with the other. Defendant testified that she was "not here to try to promote a conflict between [plaintiff] and I. I'm trying to promote a business relationship between the two of us so we can raise two children together to be the best they can be." But both parties' actions showed that neither parent wanted the other parent's input in the children's lives. Plaintiff filed 13 motions before the trial court since the parties' divorce, including five motions for sole legal and physical custody of both minor children, brought JP into court in an effort to have him testify against defendant at a show-cause hearing, and may have encouraged JP to make false allegations of abuse against defendant. Plaintiff also took Dr. Flack's testimony that defendant was "not able to see any value" in plaintiff's opinions out of context, because Dr. Flack went on to testify that both parents "struggle to see each other's value in the children's lives," and that there did not seem to be "any progress" with the parties "gaining respect from one another or desiring to coparent together." The trial court's findings that factor (j) favors neither party was not against the great weight of the evidence because the record indicates shared animosity between the parties.

## C. FACTOR (L)

Factor (l) involves " '[a]ny other factor considered by the court to be relevant to a particular child custody dispute.' " *McIntosh v McIntosh*, 282 Mich App 471, 482; 768 NW2d 325 (2009), quoting MCL 722.23(l). As to factor (l), the trial court found that it favored neither party, as there were "too many [other factors] to name" but noted that it had "tried to consider them all." Plaintiff argues that factor (l) should have favored him as well, repeating his arguments as to factors (c) and (j). For the reasons stated above, the trial court's decision not to favor either party under factor (l) was not against the great weight of the evidence. See *McIntosh*, 282 Mich App at 483 (trial court's findings as to factor (l) were not against the great weight of the evidence where its findings were "consistent with its decision to weigh the parties the same" with respect to previously discussed best-interest factors).

## III. EX PARTE COMMUNICATIONS WITH LGAL

Lastly, in a footnote and citing only to *Grievance Administrator v Lopatin*, 462 Mich 235, 262-263; 612 NW2d 120 (2000), plaintiff argues that the trial court's ex parte communication with the minor children's Lawyer-Guardian Ad Litem (LGAL), was error. This argument was not set forth in the statement of issues presented, and *Lopatin* does not speak to whether an LGAL can orally report on the matter to a trial court, which according to the trial court, was a "five-minute conversation" with the LGAL in chambers. The issue is not adequately primed for our consideration. See *People v McMiller*, 202 Mich App 82, 83 n 1; 507 NW2d 812 (1993) (deeming

an issue abandoned for "failure to raise the issue in the statement of issues presented" and for "failure to argue the merits of the issue on appeal").

The trial court's findings of fact under the contested best-interest factors are affirmed, as are the trial court's findings under MCL 722.26a(1)(b). We remand for the trial court to state on the record whether the proposed change to sole legal custody for defendant would alter AP's established custodial environment, and if so, whether its conclusion to award sole legal custody to defendant was based upon clear and convincing evidence.[4] We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Michael J. Riordan
/s/ Allie Greenleaf Maldonado

---

[4] Typically, on remand a court should take into consideration any up-to-date information affecting the child. *Fletcher v Fletcher*, 447 Mich 871, 889; 526 NW2d 889 (1994). Whether to do so here, particularly when the court has scheduled further hearings to monitor the parties situation, is left to the sound discretion of the trial court.