SCHLENDER v SCHLENDER

Docket No. 208285. Submitted January 5, 1999, at Grand Rapids. Decided April 9, 1999, at 9:40 A.M.

Shawn E. Schlender obtained from the Kent Circuit Court a judgment of divorce from Thomas E. Schlender that awarded the parties joint legal custody of their child and awarded the plaintiff primary physical custody of the child. The defendant subsequently moved for a change of custody and, as required by an administrative policy of the Kent Circuit Court, submitted an offer of proof that identified with specificity what evidence he expected to present in support of the motion. The court, Paul J. Sullivan, J., reviewed the defendant's submission and, as allowed by the administrative policy, summarily denied the motion after concluding that the defendant's anticipated evidence could not sustain his burden of proof. The defendant appealed.

The Court of Appeals *held*:

The administrative policy at issue is an attempt at promulgating a local court rule. A local court rule must be submitted to and approved by the Supreme Court if it is to be enforced. A local court rule is invalid to the extent it conflicts with or regulates matters covered by the Michigan Court Rules. In this case, the administrative policy was not approved by the Supreme Court and conflicts with MCR 3.210(C), which requires that a hearing be conducted when child custody is contested.

Reversed and remanded.

KELLY, P.J., concurring in the result reached by the majority, stated that an evidentiary hearing was in order in light of the defendant's express intent to present the testimony of a child welfare specialist concerning the child's best interests with respect to custody.

DIVORCE — CHILD CUSTODY — CHANGES IN CUSTODY — EVIDENTIARY HEARINGS.

A parent seeking a postdivorce change in child custody is entitled under a Michigan Court Rule to an evidentiary hearing concerning the child's best interests in terms of custody and may not be deprived by local court rule of such a hearing (MCR 3.210[C]; MCL 722.23; MSA 25.312[3]).

*Varnum, Riddering, Schmidt & Howlett, LLP* (by *N. Stevenson Jennette, III*), for the plaintiff.

*Robert J. Riley*, for the defendant.

Before: KELLY, P.J., and GRIBBS and FITZGERALD, JJ.

GRIBBS, J. Defendant appeals the trial court order denying defendant's post-divorce-judgment motion for change of custody of the parties' minor child. At issue is whether the circuit court has the authority to limit the availability of evidentiary hearings in child custody cases. We reverse and remand.

The parties were divorced on August 23, 1996. The judgment of divorce provided for joint legal custody, with plaintiff having primary physical custody. On October 8, 1997, defendant filed a motion for change of custody, including an offer of proof as required by the circuit court's Administrative Policy 1996-16:

> [The motion] shall contain . . . an offer of proof identifying with specificity what evidence the movant expects to present in support of the request. . . .
>
> . . . A response is not to be filed unless the judge directs otherwise. If, after reviewing what is submitted, the judge concludes that the movant's anticipated evidence might sustain his or her burden of proof, the judge shall take what steps are deemed appropriate . . . . If the judge concludes that the movant's anticipated evidence cannot make the required showing, the request to change custody shall be summarily denied. . . .

In accordance with the local administrative policy, defendant submitted a "rather lengthy" motion and offer of proof including exhibits and a witness list. At the hearing regarding defendant's motion, the court indicated that it had read defendant's motion and did not require further argument from defendant. Plaintiff

presented argument and defendant was permitted to respond. The trial court denied defendant's motion for change of custody, finding no "good reason" for change.

Defendant argues that the administrative policy is invalid, that he was entitled to an evidentiary hearing regarding his motion, and that there is no basis for a circuit court to adopt a policy eliminating that entitlement. We agree.

In custody cases, questions of law are reviewed for clear legal error. *Wiechmann v Wiechmann*, 212 Mich App 436, 439; 538 NW2d 57 (1995). This Court reviews a claim of legal error de novo. *Westchester Fire Ins Co v Safeco Ins Co*, 203 Mich App 663, 667; 513 NW2d 212 (1994).

Although coined an "administrative policy," we find that the policy at issue is, in fact, an attempt at promulgating a local court rule. It does not appear to be an "administrative order." Administrative orders are permitted only for the limited purpose of governing internal court management. *Employees & Judge of the Second Judicial Dist Court v Hillsdale Co*, 423 Mich 705; 378 NW2d 744 (1985). The policy at issue here extends beyond court management because it actually affects more than merely procedural matters.

Circuit courts are permitted to adopt local court rules, but the rules must be submitted to and approved by the Supreme Court if they are to be enforced. MCR 8.112(A)(2). The policy at issue here was never approved by the Supreme Court.

Moreover, to the extent that a local court rule is in conflict or regulates matters covered by the Michigan Court Rules, it is invalid. *People v James*, 184 Mich

App 457, 469; 458 NW2d 911 (1990), vacated on other grounds 437 Mich 988 (1991).

We find that the petitioner in a custody matter cannot be deprived by local court rule of an evidentiary hearing. This Court has held that it is improper for a trial judge to decide the issue of custody on the pleadings and the report of the friend of the court when no evidentiary hearing was held. *Stringer v Vincent*, 161 Mich App 429, 432; 411 NW2d 474 (1987). The trial court must determine the best interests of the child as defined in MCL 722.23; MSA 25.312(3), and must make findings on each factor. A hearing is required before custody can be changed on even a temporary basis. *Mann v Mann*, 190 Mich App 526, 529-530; 476 NW2d 439 (1991). The court rules also recognize the right to a hearing in custody cases. MCR 3.210(C).

The policy at issue eliminates the right of a party seeking a change of custody to have an evidentiary hearing. Because postjudgment motions in domestic relations actions are governed by court rule, see MCR 3.213, a local court rule regarding domestic relations actions is invalid.

We recognize and commend the authentic concern behind the circuit court's efforts to control its docket and to eliminate frivolous actions. However, it is evident from the body of law surrounding custody decisions that both the Legislature and the judiciary recognize the need to proceed cautiously in this sensitive and critical area. Accordingly, we find the circuit court's Administrative Policy 1996-16 invalid and reverse and remand for further proceedings. Our ruling is not intended to prevent the trial court from experimenting with other options, such as sanctions,

to control its docket, or from submitting its policy as a local court rule to the Supreme Court for approval.

Reversed and remanded. We do not retain jurisdiction.

FITZGERALD, J., concurred.

KELLY, P.J. (*concurring*). I concur in the result reached by the majority opinion. I write separately to note that the parameters for such an evidentiary hearing have not been addressed. In the present case, if the parties had nothing further to add to the record, then I would be inclined to agree with the trial court's actions. However, it appears that defendant intended to call at least one witness, a child welfare specialist, to testify regarding the strength of the relationship between defendant and his son. For this reason, I believe an evidentiary hearing was in order to properly determine how the best interests of this child would be served.