*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEREMY JOHN MERECKI,

      Plaintiff-Appellee,

v

GLORIA LYNN MERECKI,

      Defendant-Appellant.

FOR PUBLICATION
April 1, 2021
9:10 a.m.

No. 353609
Macomb Circuit Court
Family Division
LC No. 2009-003389-DM

Before: K. F. KELLY, P.J., and STEPHENS and CAMERON, JJ.

STEPHENS, J.

Defendant appeals by leave granted the trial court's February 25, 2020 order denying defendant's objection to the Friend of Court (FOC) referee's November 18, 2019 recommended order regarding custody and parenting time.[1] We reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiff and defendant have three children, CO, SM, and CH (collectively, "the children"). After the parties' divorce in 2010, plaintiff and defendant were awarded joint legal custody of the children, and plaintiff was awarded sole physical custody of the children. On May 1, 2017, defendant filed a motion to modify custody due to allegations that plaintiff physically, mentally, and verbally abused the children. It was revealed in the FOC's subsequent investigation of the allegations, that the Department of Health and Human Services (DHHS) had previously filed multiple petitions against plaintiff that also alleged that plaintiff had abused the children. In May 2017, DHHS placed the children with defendant. The trial court referred the motion to change custody to the FOC for its recommendations. In January 2018, the FOC referee recommended that defendant be granted sole legal and physical custody. The referee acknowledged that there was

---

[1] *Merecki v Merecki*, unpublished order of the Court of Appeals, issued August 6, 2020 (Docket No. 353609).

an established custodial environment with the plaintiff but found that there were circumstances warranting a review of that custodial arrangement and that eight of the best-interests factors set forth in MCL 722.23 weighed in favor of defendant. On January 31, 2018, the trial court entered a consent order adopting the recommendations of the FOC referee. The order affirmed the award of sole legal and physical custody of the children to the defendant and granted plaintiff supervised parenting time noting that the DHHS petitions against plaintiff had been dismissed on August 30, 2018.

On November 8, 2019, plaintiff filed a motion to set aside the January 31, 2018 consent order, or, alternatively, for change of custody. Plaintiff argued in part, that he had previously consented to a change in custody to defendant under duress. Plaintiff alternatively argued that his progression in unsupervised parenting time and family counseling constituted a change in circumstance that warranted a redetermination of custody. In support of his motion, plaintiff attached three letters written by court-appointed counselor, Laura Henderson, that stated plaintiff exhibited appropriate, caring, supportive, and even-tempered behavior when visiting with the children.

After a hearing the FOC referee made a written recommendation . Among other things the recommendation provided

> 3. Plaintiff's motion to modify physical custody is denied as Plainitff has failed to set forth a basis for modification of physical custody.

> 4. Plaintiff's motion to modify joint legal custody and parenting time shall be referred to the Referee Department for facilitation.

On November 18, 2019, the trial court signed an interim order adopting the FOC referee's recommendation pursuant to MCR 3.215(G). The defendant filed timely objections to the interim order. Defendant objected to the failure to dismiss the request for a modification of joint physical custody because she argued that the plaintiff had demonstrated neither proper cause nor a change in circumstances. Additionally, the defendant objected to the utilization of facilitation in this matter where there was a history of significant domestic violence.

The court heard oral argument on the objections to the interim order along with several other motions that were filed in this case. The court took the legal issue of whether the plaintiff demonstrated proper cause or a change in circumstances to justify the continuation of the request to modify joint legal custody and parenting time under advisement. However, the court orally ruled that facilitation would not be utilized. On January 13, 2020 the court entered an order formalizing the oral ruling regarding facilitation. Later, on February 25, 2020, the trial court entered an order that denied defendant's objections to the referee's November 18, 2019 recommendation and implicitly allowing the request for modification of joint legal custody and parenting time to go forward to an evidentiary hearing and a ruling on the merits. The trial court did not provide a rationale for its decision. This appeal followed.

## II. STANDARD OF REVIEW

"We apply three standards of review in custody cases. The great weight of the evidence standard applies to all findings of fact." *Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183

(2000). "In a child custody dispute, 'all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.' " *Pennington v Pennington*, 329 Mich App 562, 569-570; 944 NW2d 131 (2019), quoting MCL 722.28. "Specifically, we review under the great-weight-of-the-evidence standard the trial court's determination whether a party demonstrated proper cause or a change of circumstances." *Id*. at 570 (citation omitted). "A finding of fact is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction." *Id*. (citation omitted). "An abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions." *Id*. "An abuse of discretion, for purposes of a child custody determination, exists when the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Butler v Simmons-Butler*, 308 Mich App 195, 201; 863 NW2d 677 (2014) (citation omitted). "Questions of law are reviewed for clear legal error." *Id*. "A trial court commits legal error when it incorrectly chooses, interprets or applies the law." *Id*. (citation omitted).

III. ANALYSIS

"The purposes of the Child Custody Act, MCL 722.21, *et seq*., are to promote the best interests of the child and to provide a stable environment for children that is free of unwarranted custody changes." *Pennington*, 329 Mich App at 570-571 (citation and quotation marks omitted). "The Child Custody Act authorizes a trial court to award custody and parenting time in a child custody dispute and also imposes a gatekeeping function on the trial court to ensure the child's stability." *Id*. at 571 (citation omitted). Under MCL 722.27, "a trial court may modify or amend a previous child custody order or judgment for proper cause shown or because of change of circumstances if doing so is in the child's best interests." *Id*. (citation and quotation marks omitted). "Thus, a party seeking to modify an existing child custody order must first establish proper cause or a change of circumstances before the trial court may reopen the custody matter and hold a hearing to assess whether the proposed modification is in the child's best interests." *Id*. (citation omitted).

On appeal, defendant asserts that plaintiff failed to meet the *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003), "proper cause" standard to justify a hearing on a change of custody. We agree.

In the context of a motion for change of custody, a proper cause or change in circumstance is a significant circumstance regarding one or more of the best interest factors that has the potential for a significant effect on the well-being of the child or children whose custody is at issue.[2] *Id*. at

---

[2] In contrast, "a lesser, more flexible, understanding of 'proper cause' or 'change in circumstances' is applicable to a request to modify parenting time. Specifically, the very normal life change factors that *Vodvarka* finds insufficient to justify a change in custodial environment are precisely the types of considerations that trial courts should take into account in making determinations regarding modification of parenting time." *Marik v Marik*, 325 Mich App 353, 367-368; 925 NW2d 885 (2018) (quotations and internal citations omitted).

511-514. The movant bears the burden to "prove by a preponderance of the evidence the existence of an appropriate ground[.]" *Pennington*, 329 Mich App at 572 (citation omitted).

> [I]n order to establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. Again, not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. This too will be a determination made on the basis of the facts of each case, with the relevance of the facts presented being gauged by the statutory best interest factors. [*Vodvarka*, 259 Mich App at 513-514.]

The court's initial error was to bifurcate physical and legal custody, denying a hearing on one and referring the other to facilitation. In *Vodvarka*, this Court did not distinguish between the requisite standard for changing physical custody and legal custody. *Id*. at 509-514. Rather, this Court exclusively referred to the issue as involving "custody." *Id*. While the Child Custody Act draws a distinction between physical custody and legal custody,[3] *Vodvarka* referenced "custody" as logically referencing both legal and physical custody. Since its announcement, this Court has applied the standard articulated in *Vodvarka* without distinguishing between physical custody and legal custody. See e.g. *Corporan v Henton*, 282 Mich App 599, 606-609; 766 NW2d 903 (2009). Based upon the foregoing, the trial court committed clear legal error by treating the two forms of custody differently.

To compound this error, neither the FOC referee nor the trial court made any factual findings as to whether proper cause or a change in circumstances occurred. We cannot adduce evidence of a proper cause or a change in circumstances sufficient to justify the trial court's reconsideration of legal custody from the record below. At best, plaintiff presented evidence that Henderson authored three letters indicating that plaintiff interacted with the children in an appropriate, caring, supportive, and even-tempered manner, and seemed to show that plaintiff's relationship with the children improved. While these letters were relevant to the statutory best-interest factor of love, affection, and other emotional ties between the parties and the children, the improvement in the relationship between the children and plaintiff was not of such magnitude that it has had a significant effect on the well-being of the children. Notably, Henderson did not recommend a modification of custody in the letters. Additionally, an August 30, 2018 order of parenting time review provided that plaintiff and the children were required to participate in family

---

[3] See *Grange Ins Co of Michigan v Lawrence*, 494 Mich 475, 511; 835 NW2d 363 (2013) ("[W]e are cognizant that the Child Custody Act draws a distinction between physical custody and legal custody: Physical custody pertains to where the child shall physically 'reside,' whereas legal custody is understood to mean decision-making authority as to important decisions affecting the child's welfare.").

counseling with Henderson until such time as Henderson released plaintiff and the children from counseling. Henderson had not released plaintiff and the children from counseling, thereby indicating that plaintiff's relationship with the children had not progressed such that counseling was no longer necessary.

Plaintiff did offer Henderson's July 5, 2019 letter which indicated that CO reported having a conflicted relationship with defendant and defendant's new husband. This conflict relates to the best interests of CO. However, while the letter notes conflict, the concerns expressed by CO are not significant, catastrophic, nor suggestive of conflagration. The record reflects that CO had been in therapy for several years prior and it is reasonable to expect that Henderson would have made greater note of this issue if it was a significant circumstance of the *Vodvarka* magnitude. Additionally, Henderson's July 5th letter does not indicate when this conflict arose such that it would have been a change of circumstance since the January 2018 custody determination.[4] Without more information there was no basis upon which to find the conflict warranted revisiting custody of CO, much less all of the children.

Furthermore, there was not a change in circumstances regarding the relationship of the children with plaintiff such that the trial court could reopen the custody matter and hold a hearing to assess whether the proposed modification was in the children's best interests. In order to establish a change of circumstances, a movant must prove that the conditions surrounding the custody of the child have materially changed since the entry of the last custody order. *Vodvarka*, 259 Mich App at 513. The only evidence presented by plaintiff that occurred after the entry of the January 31, 2018 custody order were the three letters authored by Henderson. Again, those letters noted improvement in the relationship between plaintiff and the children, but Henderson did not recommend a modification of custody nor did she release the plaintiff and the children from counseling. The trial court's determination that plaintiff demonstrated a change in circumstances sufficient to justify reconsideration of legal custody was not supported by the evidence.

We also note that the evidence was also mostly singularly focused on CO and otherwise referred to the children collectively. On remand, we remind the trial court to address any review of the best interests of each child individually. *Wiechmann v Wiechmann*, 212 Mich App 436, 440; 538 NW2d 57 (1995); *Foskett v Foskett*, 247 Mich App 1, 11; 634 NW2d 363 (2001).[5]

---

[4] See *Vodvarka*, 259 Mich App at 501 "[I]n determining if a change of circumstances had occurred, the trial court was limited to basing its decision on events occurring after entry of the most recent custody order.").

[5] See *Foskett*, 247 Mich App at 11–12:

> Incumbent on the trial court therefore, is the duty to apply all the statutory best interests factors to each individual child. To fully discharge this duty, and arrive at a decision that serves a particular child's best interests, trial courts must recognize and appreciate that implicit in the best interests factors themselves is the underlying notion that as children mature their needs change. And, as a child progresses

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Kirsten Frank Kelly
/s/ Thomas C. Cameron

---

through the different life stages, what they need from each parent necessarily evolves therewith. Thus, what may be in the "best interests" of an eight-year-old child may materially differ from the "best interests" of that child's thirteen-year-old sibling.  Accordingly, the best interests factors must be fluid enough in their application to accommodate these differences.