*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellant,

v

DAVID ALLEN PERRY,

   Defendant-Appellee.

UNPUBLISHED
August 10, 2023

No. 363884
Tuscola Circuit Court
LC No. 2022-015816-FH

Before: BOONSTRA, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

The prosecution appeals by right[1] the trial court's order of dismissal with prejudice of its criminal case against defendant. We reverse and remand for further proceedings consistent with this opinion.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On January 7, 2021, the trial court sent a memo to the Tuscola County Prosecuting Attorney (the habeas memo), which stated:

> Effective immediately, the Courts will no longer assist in the preparation and service of writs for production of incarcerated persons. It will be your office's responsibility to timely prepare writs for all three courts. Failure to timely prepare

---

[1] In a criminal case, the state may take an appeal by right only if statutorily authorized. *People v Jones*, 203 Mich App 74, 78; 512 NW2d 26 (1993). MCL 770.12(1)(a), in relevant part, permits the prosecution to take an appeal by right from "a final judgment or final order of the circuit court" provided that jeopardy has not attached. In a jury trial, jeopardy attaches once a jury is empaneled and sworn. *People v Ackah-Essein*, 311 Mich App 13, 32; 874 NW2d 172 (2015). The parties do not dispute that the trial court's order of dismissal in this case was a final order that was entered before a jury was sworn and empaneled.

a writ which results in the defendant/respondent being unavailable for a court proceeding without good cause may result in a dismissal.

Your cooperation is greatly appreciated.

On March 22, 2022, the prosecution charged defendant with two counts of check insufficiency of $500 or more. MCL 750.131(3)(c). Defendant waived his right to a preliminary examination and was bound over to the trial court on May 25, 2022. On May 31, 2022, the trial court delivered a pretrial scheduling order to the prosecution. In pertinent part, the scheduling order contained the following regarding the production of an incarcerated defendant:

> It shall be the responsibility of the Prosecuting Attorney's Office to ensure the appearance of the defendant, if incarcerated, at all court proceedings by timely preparation and service of a writ of habeas corpus upon the appropriate custodial facility. Failure to do so without good cause will result in a dismissal of charges.

At a plea hearing on September 26, 2022, defendant's attorney requested an adjournment because defendant, who was incarcerated, was under a COVID-19 quarantine, was "still quite ill," and it was not known when defendant would be well enough to attend court. The prosecution did not object and the trial court adjourned the hearing for 30 days. On October 25, 2022, the trial court sent the prosecutor and defense counsel a "Notice to Appear" regarding defendant. It stated, in pertinent part, that the plea cut-off hearing would be held on November 7, 2022, and, "No case may be adjourned except by authority of the judge for good cause shown."

Defendant was not present at the November 7, 2022 plea hearing. Defense counsel represented that defendant wished to enter a plea. Regarding defendant's absence, defense counsel stated that she had received the notice of this hearing on November 1, 2022. She explained that the prosecutor's office had established an online process for notifying the prosecution that a writ of habeas corpus was necessary, but the process would not permit entry of the request unless the request was entered with 10 or more days' notice. The prosecution stated that defense counsel had not sent the request in through "formal channels," and elaborated that the prosecutor's office had set up a "streamline[d] process" to keep track of all writs that were requested, but because the process was not followed, the prosecution had not been able to have a writ of habeas corpus issued and served before this hearing. The prosecution requested an adjournment to allow defense counsel to properly request the writ "through the channel," and the prosecutor would "make sure he's here." The trial court asked defense counsel whether she wanted the case dismissed or wanted an adjournment. Defense counsel requested dismissal, and the court dismissed the case, stating to the prosecution: "I don't care what your procedure in your office is . . . . It's no matter to me." Following the hearing, the trial court entered an order of dismissal. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews for an abuse of discretion a trial court's ruling regarding a motion to dismiss. *People v Stone*, 269 Mich App 240, 242; 712 NW2d 165 (2005). "An exercise of the court's 'inherent power' may be disturbed only upon a finding that there has been a clear abuse of discretion." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). A trial court's dismissal of a case for failure to comply with the court's orders is also reviewed for an

abuse of discretion." *Id*. "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

## III.  ANALYSIS

The prosecution argues that the trial court exceeded its authority by dismissing the case against defendant based solely on the habeas memo.  We agree.

Trial courts are permitted to adopt local court rules, and to issue administrative orders. MCR 8.112 governs the adoption of such rules and the scope of administrative orders, and provides in relevant part:

> **(A) Local Court Rules**
>
> (1) A trial court may adopt rules regulating practice in that court if the rules are not in conflict with these rules and regulate matters not covered by these rules.
>
> (2) If a practice of a trial court is not specifically authorized by these rules, and
>
> (a) reasonably depends on attorneys or litigant being informed of the practice for its effectiveness, or
>
> (b) requires an attorney or litigant to do some act in relation to practice before that court, the practice, before enforcement, must be adopted by the court as a local court rule and approved by the Supreme Court.
>
> (3) Unless a trial court finds that immediate action is required, it must give reasonable notice and an opportunity to comment on a proposed local court rule to the members of the bar in the affected judicial circuit, district, or county.  The court shall send the rule and comments received to the Supreme Court clerk.
>
> (4) If possible, the number of a local court rule supplementing an area covered by these rules must correspond with the numbering of these rules and bear the prefix LCR.  For example, a local rule supplementing MCR 2.301 should be numbered LCR 2.301.
>
> **(B) Administrative Orders**
>
> (1) A trial court may issue an administrative order governing only internal court management.
>
> (2) Administrative orders must be sequentially numbered during the calendar year of their issuance.  E.G., Recorder's Court Administrative Order Nos. 1984-1, 1984-2.

(3) Before its effective date, an administrative order must be sent to the state court administrator. If the statute court administrator directs, a trial court shall stay the effective date of an administrative order or shall revoke it. The trial court may submit such an order to the Supreme Court as a local court rule.

A local court rule that has not been approved lacks validity. *Norman v Dep't of Transp¸* 338 Mich App 141, 157; 979 NW2d 390 (2021). Further, a trial court may not promulgate a local court rule by styling the rule as an administrative order. *Schlender v Schlender*, 235 Mich App 230; 596 NW2d 643 (1999). In *Schlender*, the trial court implemented an Administrative Policy 1996-16, that added additional requirements regarding motions for change of custody. In pertinent part, this Court held:

> Although coined an "administrative policy," we find that the policy at issue is, in fact, an attempt at promulgating a local court rule. It does not appear to be an "administrative order." Administrative orders are permitted only for the limited purpose of governing internal court management. *Employees & Judge of the Second Judicial Dist Court v Hillsdale Co*, 423 Mich 705; 378 NW2d 744 (1985). The policy at issue here extends beyond court management because it actually affects more than merely procedural matters.

> Circuit courts are permitted to adopt local court rules, but the rules must be submitted to and approved by the Supreme Court if they are to be enforced. MCR 8.122(A)(2). The policy at issue here was never approved by the Supreme Court.

> Moreover, to the extent that a local court rule is in conflict or regulates matters covered by the Michigan Court Rules, it is invalid. [*Id*. at 232.]

We conclude that the habeas memo, which stated that obtaining writs of habeas corpus was now the responsibility of the prosecutor, was "in fact, an attempt at promulgating a local court rule," *Schlender*, 235 Mich App at 232. The record in this case shows that none of the procedures of MCR 8.112 were followed in order to have that "rule" "adopted by the court as a local court rule and approved by the Supreme Court." The memo could not be considered an administrative order because it did not solely govern "internal court management." *Schlender*, 235 Mich App at 232. The memo not only affected the operation of the trial court, but impacted the procedural operation of the prosecutor's office. Further, it was not sequentially numbered, and there is no evidence that it had been sent to the state court administrator or the Supreme Court for approval as a local court rule. MCR 8.112(B). Therefore, the January 7 memorandum had no validity. *Norman¸* 338 Mich App at 147. The trial court had no authority to dismiss the case against defendant on the basis of an invalid rule.

Additionally, even if the trial court had the authority to sanction the prosecution for failing to follow the requirements of the habeas memo, we would still conclude that the trial court abused its discretion in this case by imposing the "drastic sanction" of dismissal without first evaluating all potential sanctions and concluding that a lesser sanction was not appropriate. See *Bloemendaal v Town & Country Sports Ctr, Inc*, 255 Mich App 207, 214; 659 NW2d 684 (2002).

We reverse the trial court's order dismissing the case against defendant with prejudice and remand for the trial court to reinstate the original charges and proceed with the case. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Anica Letica
/s/ Kathleen A. Feeney